IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


CHARLES WHITNEY,                :
                                :
        Plaintiff               :
                                :
    v.                          :    CIVIL NO. 3:CV-14-357
                                :
JOHN E. WETZEL, ET AL.,         :    (Judge Conaboy)
                                :
        Defendants              :
_____

**MEMORANDUM**
**Background**

Charles Whitney, an inmate presently confined at the Benner State Correctional Institution, Bellefonte, Pennsylvania (SCI-Benner) filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his constitutional rights were violated during his prior confinement at the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview). Forty (40) Defendants were named in the Original Complaint including six (6) John/Jane Doe Defendants.

By Memorandum and Order dated February 13, 2015, Defendants' motion to dismiss was partially granted. See Doc. 22. Specifically, the claims against Defendants Pennsylvania Department of Corrections (DOC), Secretary Wetzel, former Deputy Secretary Murray, and Attorney Chadwell were dismissed on the basis of lack of personal involvement. Dismissal was also granted in favor of Defendant Rackovan and with respect to the claims of verbal

1

harassment as well as those allegations pertaining to the handling of Plaintiff's institutional grievances.

Plaintiff subsequently filed an Amended Complaint regarding his surviving claims which also included John/Jane Doe Defendants. See Doc. 25. An answer to the Amended Complaint was thereafter submitted.[1] See Doc. 33.

Plaintiff's surviving claims assert that he was the victim of a conspiracy by the Remaining Defendants to subject him to retaliation for filing institutional grievances while at SCI-Rockview. This alleged retaliation included: falsified misconduct charges and work performance reports; a Restricted Housing Unit (RHU) placement; being subjected to excessive force; a change in job assignment; excessive pat down and cell searches; and destruction of personal property. Also surviving are Whitney's Eighth Amendment assertions of excessive force and denial of medical attention pertaining to a June 4, 2013 incident and his allegation of being subjected to unconstitutional conditions of confinement with respect to his RHU placement.

Presently pending is Remaining Defendants' motion seeking entry of partial summary judgment for failure of Whitney to exhaust his available administrative remedies with respect to many of his surviving claims. See Doc. 78. The opposed motion is ripe for consideration.

---

1. Motions by Plaintiff seeking to file a second amended complaint (Doc. 70) and that a trial date be scheduled (Doc. 69) were previously denied.

2

**Discussion**

**Motion For Stay**

In partial response to the pending motion for partial summary judgment, Plaintiff has filed a request that disposition of that motion be stayed so that he may conduct additional discovery. See Doc. 90. The motion is opposed.

This case was initiated approximately four (4) years ago and Whitney has been granted an abundance of time in which to undertake discovery. Moreover, Whitney's vague speculative assertion that there may be e-mails, faxs, and memos relating to his misconduct appeals and grievances which may support his opposition to the non-exhaustion argument does not warrant staying the pending summary judgment motion. It is also noted that the request for stay was not submitted until months after Whitney filed his opposing brief to the Remaining Defendants' pending motion. Based upon those considerations, the request for stay will be denied

**Summary Judgment**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that

3

would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Administrative Exhaustion**

Remaining Defendants claim entitlement to partial summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies with respect to many of his surviving claims, including the alleged assault and denial of medical care on June 4, 2013. They assert that DOC records show that many of the grievances referenced in the Amended Complaint were not appealed to final administrative review. See Doc. 80, p. 3. They add that only three (3) grievances initiated by Whitney regarding his pending claims were properly exhausted via the DOC's administrative review system.

According to the Remaining Defendants the following grievances initiated by the Plaintiff during the relevant time period were not properly exhausted: (1) No. 431309 verbal harassment; (2) No. 432900 denial of religious items; (3) No. 435034 Cold conditions in cell GA3; (4) No. 439950 return of legal mail; (6) No. 444938 cold conditions in cell A1001; (7) No. 463256 assault and denial of medical treatment; (8) No. 499034 denial of religious publications. See id., p. 7. Those alleged unexhausted grievances where filed against Defendants Anneski, Jedrzejek, Osborne, Rogers, Reibsome, Anthony, and Hoover. Remaining Defendants additionally point out that Defendant Sergeant Powell was not named in any exhausted grievance.

Plaintiff's opposing brief counters that due to interference or non-compliance by prison officials such as being denied the required appeal forms, the institutional grievance system was not

5

made available. Whitney adds that his transfer from SCI-Rockview to SCI-Benner also impeded his ability to pursue administrative appeals. As a result, Whitney concludes that he should be excused from compliance with the exhaustion requirement. See Doc. 83, p. 2.

Section 1997e(a) of title 42 U.S.C. provides:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Porter v. Nussle, 122 S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). Claims for monetary relief are not excused from the exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)); Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006).

An inmate is not required to specifically plead or demonstrate exhaustion in his or her complaint. See Jones v. Bock, 549 U.S. 199, 216 (2007); see also Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002)(a prisoner does not have to allege in his complaint that he has exhausted administrative remedies). Rather, pursuant to the standards announced in Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997), it is the burden of a defendant asserting the defense of non-exhaustion to plead and prove it.[2] The United States Supreme Court in Jones noted that the primary purpose of the exhaustion requirement is to allow prison officials to address complaints before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record.

The administrative exhaustion mandate also implies a procedural default component. Spruill v. Gillis 372 F.3d 218, 222 (3d Cir. 2004). As explained by the Third Circuit Court of Appeals, a procedural default rule "prevents an end-run around the exhaustion requirement." Id. at 230. It also ensures "prisoner compliance with the specific requirements of the grievance system" and encourages inmates to pursue their administrative grievances "to the fullest." Id. Similarly, the Supreme Court has observed that proper exhaustion of available administrative remedies is

---

2. In Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003), the United States Court of Appeals for the Third Circuit similarly stated that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead."

7

mandatory, meaning that prisoners must comply with the grievance system's procedural rules, including time limitations. Woodford v. Ngo, 548 U.S. 81 (2006).

The Court of Appeals for the Third Circuit has recognized that "[t]here is no futility exception" to the exhaustion requirement. Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002) (citing Nyhuis, 204 F.3d at 75. A subsequent decision by the Third Circuit Court of Appeals reiterated its no futility exception by rejecting an inmate's argument that exhaustion should be excused because prisoner grievances were regularly rejected. Hill v. Smith, 186 Fed. Appx. 271, 274 (3d Cir. 2006). The Court of Appeals has also rejected "sensitive' subject matter or 'fear of retaliation' as a basis for excusing a prisoner's failure to exhaust." Pena-Ruiz v. Solorzano, 281 Fed. Appx. 110, 113 (3d Cir. 2008).

**Grievances**

A Consolidated Inmate Grievance Review System has been established by the DOC.[3] Section V of DC-ADM 804 states that "every individual committed to its custody shall have access to a formal procedure through which to seek the resolution of problems or other issues of concern arising during the course of confinement." It adds that the formal procedure shall be known as the Inmate Grievance System and provides a forum of review and two (2) avenues of appeal. Section VI ("Procedures") of DC-ADM 804

---

3. The DOC's grievance system has been periodically amended.

8

provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Facility Grievance Coordinator within fifteen (15) working days after the events upon which the claims are based, but allowances of extensions of time will be granted under certain circumstances.

An appeal from the Grievance Coordinator's Initial Review decision may be made in writing within ten (10) working days to the Facility Manager or Superintendent. A final written appeal may be presented within fifteen (15) working days to the Secretary's Office of Inmate Grievances and Appeals (SOIGA). A prisoner, in seeking review through the DOC grievance system, may include reasonable requests for compensation or other legal relief normally available from a court. However, an improperly submitted grievance will not be reviewed.

In support of the non-exhaustion argument, Remaining Defendants have submitted a declaration by SOIGA Administrative Officer Keri Moore. See Doc. 82, p.5. Moore states that based upon her review of SOIGA records regarding ten (10) grievances filed by Whitney, the inmate appealed or attempted to appeal six of those grievances (Nos. 443773, 444938, 463256, 477992, 496296, and 499034) to final review during the relevant time period. The other four grievances were not appealed to SOIGA.

According to Moore, Grievance No. 443773, dated January 12, 2013, which alleged property damage from a cell search by Sergeant Rogers and Correctional Officer Anthony was fully exhausted. Moore also admits that Whitney fully exhausted Grievance No. 477992 with

9

alleged tampering with his outgoing mail at SCI-Benner or SCI-Rockview and a conspiracy involving Major Robinson. See id. at ¶ 14. Also exhausted was Grievance No. 496296 which claimed interference with outgoing legal mail. See id. at ¶ 15.

Moore avers that Grievance No. 463256 dated June 6, 2013, which alleged assault by correctional staff was rejected by SOIGA as being untimely and was not addressed on its merits. See id. at ¶ 13. Also unexhausted are Grievance No. 499034 and Grievance No. 444938 both of which were not addressed on their merits but rather were marked by SOIGA as being pending until such time as Plaintiff produced legible copies of the underlying grievances. See id. at ¶¶ 12 & 16. Attached to Moore's declarations are copies of the relevant SOIGA records.

Based upon an application of the well settled administrative exhaustion standards and the undisputed supporting evidence presented by Moore, Remaining Defendants have satisfied their burden of demonstrating that the substance of many of the Plaintiff's surviving claims were not encompassed within any grievance filed to final administrative review by Whitney.

Plaintiff's arguments to be excused from the exhaustion requirement are not compelling. First, Whitney's assertion that his transfer to SCI-Benner prevented compliance is undermined by the fact that one of the unexhausted grievances (No. 499034) was initiated after Plaintiff was transferred to SCI-Benner. There is also no evidence that Plaintiff sought an extension of time to

pursue any administrative appeal because of his transfer despite the fact that DOC regulations allow for such extensions.

Furthermore, Whitney has not provided any specific facts regarding his vague assertions that prison staff prevented his pursuit of administrative appeals. For instance, Plaintiff does not identify any prison official as being the individual who allegedly denied him appeal forms. Nor does Whitney provide any dates or specifics as to the alleged acts of interference by prison officials. It is also noted that the claims of interference are undermined by the undisputed fact that there were some grievances and misconducts which were fully and properly exhausted during the same relevant time frame. Based upon those considerations, it is the determination of this Court that Plaintiff has not sufficiently established that he should be excused from compliance with the exhaustion requirement.

Accordingly, the request for summary judgment on the basis of non-exhaustion will be granted with exception of the claims related to the three (3) grievances which Remaining Defendants acknowledge were fully exhausted. Specifically, Grievance No. 443773, dated January 12, 2013, which alleged property damage from a cell search by Sergeant Rogers and Correctional Officer Anthony; Grievance No. 477992 with alleged tampering with Whitney's outgoing mail at SCI-Benner or SCI-Rockview and a conspiracy involving Major Robinson; and Grievance No. 496296 which claimed interference with outgoing legal mail.

Summary judgment will be granted in favor of Defendants Anneski and Jedrzejek with respect to the unexhausted claims of retaliatory verbal harassment and in favor of Defendants Osborne, Rogers, Powell, Reibsome, Anthony and Hoover regarding the claims relating to denial of religious items and publications, cold cell conditions, inadequate medical treatment and legal mail interference.

**Misconduct Charges**

Plaintiff alleges that he was issued ten (10) retaliatory misconducts. Remaining Defendants contend that the claims of retaliation pertaining to eight (8) of those misconducts should not proceed because Whitney failed to exhaust his administrative appeals. See Doc. 80, p. 8..

The DOC provides an administrative review for inmates who wish to challenge disciplinary proceedings (DC-ADM 801-3). If a Hearing Examiner finds a prisoner guilty of a misconduct charge, he may submit an appeal to the prison's Program Review Committee (PRC) within fifteen (15) days. The PRC will issue a written decision within seven (7) working days. The PRC's decision may be appealed within seven (7) calendar days to the prison's Superintendent, who will also provide a written decision. A final administrative appeal may be taken to the DOC's Chief Hearing Examiner within seven (7) calendar days after the inmate receives the Superintendent's decision.

According to the undisputed record Plaintiff was held at SCI-Rockview from May 7, 2012 through July 16, 2013. Whitney's

12

amended complaint alleges that he was issued false and retaliatory misconduct charges. The challenged misconducts are Nos.: (1) B465048 issued by Food Services Instructor Jedzejek for Plaintiff's failure to report to work; (2) No. 490737 issued by Correctional Officer Ceprish on October 18, 2012 which charged the inmate with presence in an unauthorized are and breaking restriction, quarantine, or informal resolution sanction; (3) No. B499692 wherein Defendant Reibsome charged Plaintiff with not obeying an order; (4) No. B500773 which was issued by Correctional Officer Anthony, charged Whitney with refusing to obey and order and being in an unauthorized area on February 26, 2013; (5) No. B500779 which was issued by Correctional Officer Moyer on February 27, 2013 and charged Whitney with using abusive or obscene language to an employee and refusing to obey an order; (6) No. B483570 issued by Defendant Anthony; (7) No. B490694; (8) No. B506201; (9) No. B506202; (10) No. B506202 possession of contraband by Correctional Officer Druckemiller. In addition to allegations regarding his SCI-Rockview Plaintiff also raises some claims against the SCI-Benner mail room staff.

    Remaining Defendants have also submitted a penalty under perjury by DOC Chief Hearing Examiner Joseph Dupont who describes his duties as reviewing inmate misconduct appeals. See Doc. 82, p. 53. Dupont states that during the relevant time period Plaintiff appealed two (2) misconducts to final review.

    Misconduct No. B500773,which was issued by Correctional Officer Anthony, charged Whitney with refusing to obey and order

13

and being in an unauthorized area on February 26, 2013. Since it is undisputed that Petitioner fully exhausted his administrative remedies with respect to this disciplinary charge any pending claims related to the underlying incident shall proceed.

Misconduct No. 500779 was issued by Correctional Officer Moyer on February 27, 2013 and charged Whitney with using abusive or obscene language to an employee and refusing to obey an order. Since Remaining Defendants concede that this misconduct was exhausted, any of Plaintiff's pending related claims will proceed.

Remaining Defendants have satisfied their burden of showing that Plaintiff failed to properly and fully exhaust his available DOC administrative remedies with respect to the other misconducts referenced in the Amended Complaint.

As discussed earlier in this Memorandum, Whitney has not presented this Court with any viable reason as to why he should be excused from the exhaustion requirement with respect to his misconduct appeals. Accordingly, the request for summary judgment on the basis of non-exhaustion will be granted with respect to any claims directly related to those eight (8) unexhausted disciplinary charges. An appropriate Order will enter.

S/Richard P. Conaboy  
Richard P. Conaboy  
United States District Judge

DATED: MARCH 1 , 2018

14